**JIAN WU QUI, also known as Jian Wu Qiu, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–0613–ag.

United States Court of Appeals, Second Circuit.

May 30, 2007.

Douglas G. Ingraham, Alhambra, CA, for Petitioner.

David E. O'Meilia, United States Attorney, Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, Oklahoma, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Wu Qui, a native and citizen of China, seeks review of the January 30, 2006 order of the BIA affirming the August 12, 2004 decision of Immigration Judge ("IJ") Michael Rocco denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Wu Qui*, No. A95 309 016 (B.I.A. Jan. 30, 2006), *aff'g* No. A95 309 016 (Immig. Ct. Buffalo Aug. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted).

Here, the "cumulative impact" of the inconsistencies and omissions identified by the agency served as proper grounds for the adverse credibility determination. *Liang Chen v. U.S. Atty. Gen.*, 454 F.3d 103, 107 (2d Cir.2006).

The IJ and BIA found it significant that the respective letters from Qui's mother and Wang Meng Guang—who was arrested along with Qui in February 2001—failed to reference specifically Qui's arrest, detention, and beating by police in February 2001. We have previously concluded that an adverse credibility determination was "well—supported" when, *inter alia*, affidavits written by others and submitted in support of an asylum applicant's claims of persecution omitted any reference to key details found in the applicant's testimony or written statements. *See Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir.2006).

The IJ further found that the letter from Qui's wife suggested "that [Qui's] difficulties with the police occurred in 1998," and went on to find that "[n]o reference at all is made to [Qui's] claim to an arrest and/or detention on February 4, 200[0]." No reasonable fact-finder would be compelled to accept Qui's explanation that his wife had simply made a mistake, *see Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005), and the IJ was entitled to rely on this inconsistency as a basis for the adverse credibility determination. *See Liang Chen*, 454 F.3d at 106.

The IJ observed that the hospital records Qui submitted stated that "an individual" had beaten him before his arrival at the hospital, Qui testified that he had been beaten by some other prisoners on the day of his release, which is the same day that he went to the hospital. Qui could not explain this particular inconsistency, and no reasonable fact-finder would be compelled to conclude that the reference to "an individual" was simply an error on the hospital's part. *See Majidi*, 430 F.3d at 80–81.

The IJ and BIA noted that while Qui testified that he attended church services twice a week, he later testified that he attended services once a week. This discrepancy concerned an important part of the narrative of his claim that he was persecuted on account of his religion. *See Li Hua Lin v. U.S. Dept. of Justice*, 453 F.3d 99, 110 (2d Cir.2006).

To the extent Qui challenges the significance of other inconsistencies noted by the agency, we do not consider the argument because even if there were error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion. *Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 336–340 (2d Cir.2006).

Since Qui failed to establish past persecution, he was not entitled to a presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, Qui has failed to show a subjective basis for a well-founded fear of future persecution on account of his religion. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Finally, because the only evidence of a threat to Qui's life or freedom depended upon his credibility, the adverse credibility finding defeats his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Qui's failure to raise his CAT claim before the BIA precludes our review, and we therefore dismiss his petition for review with respect to that claim. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).